# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### SEPTEMBER 1998 SESSION

FILED

November 13, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | No. 01C01-9802-CC-00054 |
| | ) | |
| Appellee | ) | |
| | ) | Williamson County |
| vs. | ) | |
| | ) | Honorable Donald P. Harris, Judge |
| **SANDY RENITA COBB,** | ) | |
| | ) | (Aggravated Burglary, Theft) |
| Appellant. | ) | |

FOR THE APPELLANT:

JOHN M. HENDERSON
District Public Defender

EUGENE HONEA
Assistant Public Defender
407-C Main St.
P.O. Box 68
Franklin TN 37065-00068

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

CLINTON J. MORGAN
Assistant Attorney General
Criminal Justice Division
425 Fifth Ave. North
2d Floor, Cordell Hull Bldg.
Nashville, TN 37243-0493

JOSEPH D. BAUGH, JR.
District Attorney General

DEREK K. SMITH
Assistant District Attorney General
Williamson County Courthouse
Suite G-6
P.O. Box 937
Franklin, TN 37065-0937

OPINION FILED: _____

**AFFIRMED**

JAMES CURWOOD WITT, JR., JUDGE

**OPINION**

The defendant, Sandy Renita Cobb, pleaded guilty in the Williamson County Circuit Court to aggravated burglary and theft of property valued at more than one thousand dollars. Pursuant to the negotiated plea agreement, the trial court dismissed a third count for exercising control over stolen property. After a sentencing hearing, the trial court ordered her to serve concurrent sentences of six years for aggravated burglary and four years for theft.[1] In this appeal, the defendant contends that her sentences are excessive because the trial court applied inappropriate enhancement factors and failed to give the applicable mitigating factors appropriate weight. Based on the record before us and the applicable law, we affirm the judgment of the trial court.

The victim and the defendant testified at the sentencing hearing. Barbara Meachum testified that when she arrived home from work at about 6:00 p.m. on March 3, 1995, she discovered that her front door was ajar. She ran to a nearby neighbor's house to call the police. Upon their arrival, the police found no one in her house; however, Ms. Meachum found that property including two VCRs, two guitars, a number of compact disks, and two diamond rings were missing. She estimated that the value of the missing items was between two and three thousand dollars. She reported that none of the property had been returned. Because she and her son no longer felt safe in their home, she sold the property and moved into Franklin.

The twenty-two-year old defendant admitted that she had pleaded guilty to aggravated burglary and theft in both Hickman County and Davidson County. She was on probation for the Hickman County offenses when she and her co-defendants burglarized the Meachum residence in Wiliamson County. The offenses in Davidson County occurred the day before the Williamson County

---

[1] The defendant must serve these sentences consecutively to the sentences she received on another aggravated burglary conviction in Hickman County.

2

burglary.[2] The defendant, who had dropped out of high school at age sixteen, had been steadily employed except for the time she was incarcerated. She had been married briefly and lost her baby in an automobile accident. She testified that she did not enter the Meachum residence or any of the other houses they burglarized. Although she helped her friend sell some of the stolen goods to her uncle, the defendant said that she had no need for or interest in any of the property that was taken. She participated in the crime partly because she was dependent upon her friends' approval and partly because it was a game. When the prosecutor asked her if she had taken part because it was exciting, she responded that she had. She denied having any problems with drug or alcohol but admitted that she had attended a session on anger management. While she was incarcerated for the Hickman County burglary, she earned her General Education Diploma.

At the conclusion of the sentencing hearing, the trial court sentenced the defendant to the maximum Range I sentences of six years for aggravated burglary, a Class C felony, and four years for theft of property valued at more than $1,000, a Class D felony. The sentences are to be served concurrently with each other but consecutively to the sentences she was currently serving.

In this appeal, the defendant contends that trial court erred in imposing maximum sentences and in applying Tennessee Code Annotated section 40-35-114(7) to enhance her sentence. She also argues that the trial judge erred in giving little weight to mitigating factor (1) and that, because her role in the offense was a minor one, she is entitled to mitigation under Tennessee Code Annotated section 40-35-113(4).

In determining whether the trial court has properly sentenced an individual, this court engages in a de novo review of the record with a presumption

_____

[2]     The state did not enter into evidence copies of the Hickman and Davidson county judgments.

3

that the trial court's determinations were correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). To facilitate meaningful appellate review, the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, and explain how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994).

In conducting our de novo review, we must consider the evidence at sentencing, the presentence report, the sentencing principles, the arguments of counsel, the statements of the defendant, the nature and characteristics of the offense, any mitigating and enhancement factors, and the defendant's amenability to rehabilitation. Tenn. Code Ann. §§ 40-35-210(b), 40-35-103(5) (1997); Ashby, 823 S.W.2d at 168. On appeal, the appellant has the burden of showing the sentence imposed is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Comm'n Comments (1997); Ashby, 823 S.W.2d at 169.

In this case, the trial court's findings are brief. The judge did not clearly articulate every step of the process by which he arrived at his sentencing decision. However, our review of the record indicates that the trial court considered the appropriate sentencing considerations and made sufficient factual findings to satisfy its statutory obligations. Therefore, we afford the court's determination the presumption of correctness.

The record reflects that the trial court found three enhancement factors:

> (1)     The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range . . .

4

(7)     The offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement . . . and

(13)(C) The felony was committed while . . . on probation.

Tenn. Code Ann. § 40-35-114 (1997). The trial judge also found that her criminal conduct neither caused nor threatened serious bodily injury, although he accorded the mitigating factor little weight because, he stated, there was always a chance that someone would come home and interrupt a burglary. At the conclusion of the hearing, the trial judge found that the defendant was not a good candidate for alternative sentencing because she had recently been placed on probation and had failed to abide by the conditions of her release.

The defendant first contends that factor (7) may not be used to enhance her sentence because the state failed to prove that she committed the offense to gratify her desire for excitement. The record, however, indicates otherwise. When the prosecutor asked the defendant why she had committed the burglary, she responded that she did not do it for money. Although she said that she was a very co-dependent person who followed the lead of her friends, she also said that being present during the burglary was like a game for her and that she participated out of boredom. When the prosecutor characterized her remarks as indicating that she did it for the excitement, she readily agreed. The state did not put words into her mouth. The record supports the trial court's conclusion that the defendant participated in the burglary to gratify her desire for excitement.

The defendant also argues that factor (7) is inappropriate in this instance because the crimes of aggravated burglary and theft do not involve a "victim" in the sense required by statute. The defendant cites no authority in support of this argument nor does she explain in what sense the term "victim" as used in factor (7) is different from that used in other contexts. Although it is certainly true that enhancement factor (7) has most often been applied in convictions for sexual offenses such as rape and aggravated rape, the factor has been found appropriate

5

in convictions for other offenses if the evidence was sufficient to justify its imposition. In State v. Lynda Gayle Kirkland, No. 03C01-9606-CR-00248, slip op. at 6-7 (Tenn. Crim. App., Knoxville, Feb. 12, 1997), this court affirmed the use of factor (7) to enhance convictions for theft and computer fraud. The factor was also used to enhance a sentence for conspiracy to commit first-degree murder in State v. Christa Gale Pike, No. 03C01-9611-CR-00408, slip op. at 29-30 (Tenn. Crim. App., Knoxville, Nov. 26, 1997), aff'd in State v. Pike, -- S.W.2d --, No. 03S01-9712-CR-00147 (Tenn., Knoxville, Oct. 5, 1998), and to first-degree murder convictions by unlawfully throwing, placing or discharging a destructive device. State v. Thomas Shawn Noles, No. 01C01-9301-CC-00003, slip op. at 10 (Tenn. Crim. App., Nashville, Nov. 18, 1993), perm. app. denied (Tenn. 1994).

This court has defined the word "victim," as used in Tennessee Code Annotated section 40-35-114(3)[3] as "a person or entity that is injured, killed, had property stolen, or had property destroyed by the perpetrator of the crime." State v. Raines, 882 S.W.2d 376, 384 (Tenn. Crim. App. 1994). Nothing in our review of the applicable law convinces us that the Raines definition of "victim" is not equally appropriate in section 40-35-114(7). Ms. Meachum lost property valued at approximately two thousand dollars as result of the defendant's conduct. Therefore, the offense for which the defendant was convicted involves a victim as required by the statute.

Factor (7) may be used to enhance a sentence for any offense in which the trial court finds that there was a victim involved and that the defendant committed the crime to gratify a desire for pleasure or excitement. In this case, the evidence in the record does not preponderate against the trial court's findings. The

---

[3] Subsection 3 of Tennessee Code Annotated section 40-35-114 permits sentence enhancement if the offense involves more than one (1) "victim."

trial court did not err in applying enhancement factor (7) to the defendant's sentences.[4]

In addition, our de novo review indicates that the defendant's probation in the Hickman County convictions was revoked for failure to report in 1996.[5] Therefore, enhancement factor (8) which applies to those who have a previous history of unwillingness to comply with the conditions of release in the community may be used to enhance her sentences.

With respect to the mitigating factors, the defendant argues that the trial court failed to give sufficient weight to mitigating factor (1) and erred by refusing to find that she had played a minor role in the offense. See Tenn. Code Ann. § 40-35-113(1); -(4). The judge found that the defendant's conduct neither threatened nor caused serious bodily injury. However, he declined to place much weight on the factor because even if a burglary is committed during daylight hours in an empty house, there is always the chance that someone will return home.

The state argues that a burglary is not an appropriate offense for mitigation under subsection (1) of the statute but has cited no authority to support this contention. Our research has uncovered several instances in which this court has found that this particular mitigating factor applies to burglaries of unoccupied buildings.[6] Moreover, in State v. James E. Winston, No. 01C01-9301-CR-00069

---

[4] The defendant does not contest the use of enhancement factors (1) or (13)(C). She readily admitted to her previous convictions for aggravated burglary and theft during her testimony and explained to the court the rather complicated time frame for her arrests, convictions, and probationary periods.

[5] The Hickman County court then placed her in the Community Corrections program. When she was arrested for the Davidson County burglary, she was incarcerated.

[6] See State v. Scotty Wayne White, No. 02C01-9709-CC-00372 (Tenn. Crim. App., Jackson, Apr. 13, 1998), perm. app. filed May 12, 1998; State v. Bill Teal, No. 01C01-9611-CC-00482 (Tenn. Crim. App., Nashville, Dec. 10, 1997), perm. app. denied (Tenn. 1998); State v. Stephon Matthew Fearn, No. 01C01-9606-CC-00246 (Tenn. Crim. App., Nashville, July 23, 1997), perm. app. denied (Tenn. 1998); State v. Clyde Dewayne Wesemann, No. 03C01-9407-CR-00260 (Tenn. Crim. App., Knoxville, Oct. 16, 1995); State v. Randy Atkins, No.

7

(Tenn. Crim. App., Nashville, July 28, 1994), perm. app. denied (Tenn. 1994), the defendant reached in an open window and snatched the victim's pants and wallet as the victim watched. This court held that because only the defendant's arm entered the premises, no serious bodily injury was caused or threatened. Winston, slip op. at 16-17. In the present case, no one was at home when the house was burglarized during the daylight hours.[7] The defendant testified that she neither entered the house nor approached the front door. Under these circumstances the trial court did not err in finding that the defendant's conduct neither caused nor threatened serious bodily injury.

The record, however, does not support the defendant's contention that she was a minor participant in the burglary. The fact that she remained outside may indicate that she was the "look-out" while her two co-defendants entered the house. Moreover, she testified that she helped to hide the stolen property, found a purchaser for some of the items, and shared in the spoils.[8] The trial court did not err by refusing to apply mitigating factor (4).

To summarize, the record supports the application of enhancement factors (1), (7), (8) and (13)(A) and mitigating factor (1). However, the defendant is not entitled to less than a maximum sentence simply because the court found that a mitigating factor exists. State v. Bill Teal, No. 01C01-9611-CC-00483, slip op. at 15 (Tenn. Crim. App., Nashville, Dec. 10, 1997), perm. app. denied (Tenn. 1998). A sentence is not determined by a mathematical process of adding the sum total of enhancement factors and then subtracting the mitigation factors to obtain a net total of years. State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App.), perm. app.

---

134 (Tenn. Crim. App., Knoxville, June 28, 1991), perm. app. denied (Tenn. 1992); State v. Billy D. Elrod, No. 138 (Tenn. Crim. App., Knoxville, Apr. 26, 1991), perm. app. dismissed (Tenn. 1991).

[7] Apparently, all of the burglaries were committed during the day at times when the residents were away from home.

[8] She testified that she had received perhaps $200 as result of the three burglaries.

denied (Tenn. 1996). The weight to be given to an existing factor is left to the trial court's discretion as long as the court complies with the purposes and principles of the Sentencing Act and the findings are adequately supported by the record. Boggs, 932 S.W.2d at 476. The legislature has left the weight of the applicable factors to the guided discretion of the trial judge who must balance the relative degrees of culpability within the totality of the circumstances. See State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986).

In this case, the trial court gave the single mitigating factor slight weight in comparison to the great weight given the enhancement factors. We agree that the defendant's past criminal history, her violation of probation, and her persistence in criminal activity after her conviction in Hickman County outweigh the only mitigating factor. On this record, we cannot say that the trial court erred by giving little weight to the mitigating factor and imposing the maximum sentence in each conviction.

The judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
THOMAS T. WOODALL, Judge